# In the United States Court of Federal Claims

No. 20-1901C

(Filed: February 9, 2021)

**NOT FOR PUBLICATION**

| | |
|---|---|
| XUNXIAN LIU,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>　　　　　Defendant. | Pro Se Complaint; Sua Sponte Dismissal for Want of Jurisdiction; RCFC 12(h)(3); Transfer Not Warranted. |

ORDER OF DISMISSAL

Currently before the court is pro se plaintiff Xunxian Liu's complaint. See ECF No. 1. Because the court lacks jurisdiction over the claims made in plaintiff's complaint, the court must dismiss this case pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). See RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

I.　Background

On December 14, 2021, plaintiff filed a complaint claiming that this "case is related to violation of [plaintiff's] due process and equal protection of laws, required by the US Constitution, and also agency employees perpetrated misrepresentations, which are intentional torts (federal tort claim act, page 25)."[1] ECF No. 1 at 1. Plaintiff's statement of the claim reads, in its entirety, as follows:

> Please see details in Exhibits 1 and 2, which is the last version sent to Department of Justice. I received denying letters from HHS and MSPB

---

[1] This is plaintiff's first complaint filed in this court. On this same day, December 14, 2020, plaintiff filed a second complaint in this court. See Xunxian Liu v. United States, Case No. 20-1902C, ECF No. 1. On January 14, 2021, the court dismissed plaintiff's complaint in that case for want of jurisdiction. See Case No. 20-1902C, ECF No. 6 (order of dismissal).

> (Exhibits 3 and 4), and received several times of sum certain requirement from DOJ (Exhibit 5, last time).  I sent my revision that is similar to the last version to HHS and MSPB, there is no response.  Therefore, my efforts seeking administrative resolution are exhausted.  Because the sum certain requirement and the denying letters suggest that these agencies do not concede the facts I claim, I request affidavit discovery of related documents in DOJ, pursuant to Rule 56(d).

Id. at 2.

Plaintiff is seeking "$100[,]000 for [Department of Health and Human Services] taking my biologist position without due process and $1[,]200[,]000 for misrepresentations (intentional torts) committed by many federal employees or the court determines the amount of compensations." Id. at 3.  Plaintiff attaches five exhibits to the complaint—a copy of her October 7, 2020 Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, claim submitted on October 7, 2020 to the United States Department of Justice (DOJ), a copy of her dismissal personnel action, copies of filings before from her United States Merit Systems Protection Board (MSPB) case, various Maryland district court filings, and a November 3, 2020 DOJ letter notifying plaintiff that her FTCA claim is invalid—totalling thirty-eight pages.  See ECF 1-1.

II.     Legal Standards

The court acknowledges that pro se plaintiffs are not expected to frame issues with the precision of a common law pleading.  Roche v. USPS, 828 F.2d 1555, 1558 (Fed. Cir. 1987).  Therefore, plaintiff's complaint has been reviewed carefully to ascertain whether, given the most favorable reading, any of plaintiff's claims support jurisdiction in this court.

This court is one of limited jurisdiction.  Specifically, the Tucker Act grants the court the authority to consider, "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).  "A court may and should raise the question of its jurisdiction sua sponte at any time it appears in doubt."  Arctic Corner, Inc. v. United States, 845 F.2d 999, 1000 (Fed. Cir. 1988) (citation omitted).

III.  Analysis

    A.  Lack of Subject Matter Jurisdiction

The court lacks subject matter jurisdiction to consider plaintiff's claims for due process and equal protection violations. To invoke this court's Tucker Act jurisdiction, a claimant must show that her claim arises from a federal constitutional, statutory, regulatory, or contractual provision that provides damages for its breach. See United States v. Testan, 424 U.S. 392, 399 (1976); Hatter v. United States, 953 F.2d 626 (Fed. Cir. 1992). It is well settled that the violations of constitutional rights to due process and equal protection alleged by plaintiff do not fall within this court's jurisdiction. See Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997).

The court likewise lacks subject matter jurisdiction to consider claims sounding in tort, because tort claims are expressly excluded from this court's jurisdiction under the Tucker Act. See 28 U.S.C. § 1491(a)(1) (giving the court authority to consider claims against the United States "not sounding in tort"); see also Aetna Cas. & Sur. Co. v. United States, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims . . . are expressly beyond our Tucker Act jurisdiction.").

Accordingly, plaintiff has not alleged any claims over which this court is authorized to exercise jurisdiction.

    B.  Transfer

Because plaintiff's complaint is not within this court's jurisdiction, the court considers whether transfer to another federal court is appropriate. Transfer of cases from this court to a district court is governed by 28 U.S.C. § 1631, which states in relevant part, as follows:

> Whenever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Id. Here, plaintiff's complaint includes so few factual allegations that the court is unable to determine either whether transfer would serve the interests of justice in this case, or to which court a transfer would be made. As such, the court concludes that transfer is not warranted.

IV.     Conclusion

The court does not possess subject matter jurisdiction over this suit and this case must be dismissed.  Accordingly, the clerk's office is directed to **ENTER** final judgment for defendant **DISMISSING** plaintiff's complaint for lack of subject matter jurisdiction, without prejudice, pursuant to RCFC 12(h)(3).

IT IS SO ORDERED.

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge